**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JERMAINE MOORE**                                                                    **PETITIONER**

**VS.**                                              **CIVIL ACTION NO. 3:05-CV-347-TSL-JCS**

**DWIGHT PRESTLEY, WARDEN,**                                      **RESPONDENTS**
**AND JIM HOOD**

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

**Procedural History**

Jermaine Moore was convicted of possession of cocaine in the Circuit Court of Leake County, Mississippi, after a jury trial conducted on September 3, 2002. On September 5, 2002, he was sentenced to a term of fifteen-years imprisonment in the custody of the Mississippi Department of Corrections.

On direct appeal, Moore assigned as error the following:

A. The lower court erred in failing to grant appellant
Jermaine Moore's motion for continuance.

B. Defendant's motion for judgment notwithstanding the
verdict, or in the alternative, for a new trial, should have been
granted, since the verdict was against the overwhelming
weight of the evidence.

    C. The trial court erred in failing to grant Jermaine Moore's motion to suppress.

    D. Jermaine Moore was denied his constitutional protected right to assistance of adequate and effective trial counsel.

    E. The sentence was disproportional.

    F. The cumulative error below requires reversal.

On March 2, 2004, the Mississippi Court of Appeal's affirmed petitioner's judgment of conviction and sentence in a written opinion. <u>Moore v. State</u>, 873 So. 2d 129 (Miss. Ct. App. 2004), <u>reh'g denied</u>, May 18, 2004.

On May 25, 2005, Moore filed his petition for writ of habeas corpus in this court, raising the issues which he previously asserted in his direct appeal. The grounds asserted are as follows:

    Ground One - The lower court erred by not granting petitioner's motion for continuance.

    Ground Two - The lower court erred in denying petitioner's motion for JNOV or Alter (New Trial).
    Ground Three - The lower court erred in denying motion to suppress.

    Ground Four - Petitioner was denied effective assistance of counsel.

    Ground Five - Petitioner's sentence was grossly disproportional.

    Ground Six - The cumulative errors require reversal.

## Standard of Review

The applicable portions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-32, 110 Stat. 12144, and the standard of review imposed upon this court by AEDPA, prevent the granting of habeas relief in this action. Title I of the AEDPA modified 28 U.S.C. § 2254 by providing the following:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under AEDPA, where the state court adjudicated the petitioner's claim on the merits, this court reviews questions of fact under § 2254(d)(2), while questions of law or mixed questions of law and fact are reviewed under § 2254(d)(1). Factual findings are presumed to be correct, and the court defers to the state court's decision regarding factual determinations unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000); § 2254(d)(2). The court independently reviews questions of law and mixed questions of law and fact to determine whether the state court's decision thereon was either "contrary to" or an "unreasonable

3

application of" federal law.  Williams v. Taylor, 529 U.S. 362, 403-408 (2000); Hill, 210 F.3d at 485.

The first step in this inquiry is to determine what federal law should be applied to the state court's decision.  Williams, 529 U.S. at 404.  The determinations of the state courts must be tested against "clearly established Federal law, as determined by the Supreme Court of the United States."  Id.; § 2254(d)(1).  Next, this court must determine whether the state court's decision was "contrary to" that established Federal law.  The proper standard is an objective one, not subjective.  Id. at 408-409.  The term "unreasonable" was distinguished from "erroneous" or "incorrect"; thus, a state court's incorrect application of the law may be permitted to stand if it was, nonetheless, "reasonable."

A summary of the AEDPA law is that ultimately, "[t]o prevail on a petition for writ of habeas corpus, a petitioner must demonstrate that the state court proceeding 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  Robertson v. Cockrell, 325 F.3d 243, 247-48 (5th Cir. 2003) (en banc) (quoting 28 U.S.C. § 2254(d)(1) (2000)).  The courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect."  Catalan v. Cockrell, 315 F.3d 491, 493 (5th Cir. 2002).

Under the AEDPA standard, this court must determine whether or not the Mississippi Court of Appeals' decision was an unreasonable application of any clearly established federal law or either contrary to any clearly established federal law, as set forth in a United States Supreme

4

Court case.

## Facts

The facts of this case are set forth in the Mississippi Court of Appeals' decision and are as follows:

>On March 22, 2002, at approximately 12:25 a.m., Officers Shane Lang and Dustin Sanders, of the Carthage Police Department, stopped a vehicle driven by Carl Lewis because the vehicle did not have a tag. Moore was a passenger in the vehicle.
>
>As Lang approached the driver's side of the vehicle shining his flashlight in the vehicle, he saw "a bag with a white rocky looking substance sitting upside the gear shift," which was later determined to be cocaine. He then asked Lewis and Moore to step out of the vehicle. When Lewis stepped out of the vehicle, Lang saw another bag which contained "a green leafy substance," later determined to be marijuana. Officer Lang advised Lewis and Moore of their Miranda rights in the presence of Officer Sanders, arrested them, and transported them to the Leake County Jail.
>
>At the jail, Officer Lang told Tony Quick, the booking officer, to charge Lewis and Moore with possession of a controlled substance. According to Lang, at that point Moore stated, "Don't charge him [Lewis] with it, it's mine." Moore did not indicate which substance he was referring to.
>
>Moore was indicted on August 28, 2002, for possession of cocaine as a second time offender in violation of Mississippi Code Annotated Sections 41-29-139(c)(1)(B) and 41-29-147 (Rev. 2001). On September 3, 2002, Moore's case was called for trial. Moore asked for a continuance so that he could hire an attorney and investigate the case. That motion was denied. The case proceeded to trial and Moore was convicted that same day. On September 5, 2002, he was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Moore's motion for judgment notwithstanding the verdict or, in the alternative, a new trial was denied.

Moore, 873 So. 2d at 130-131.

Analysis of the Issues and the Applicable Law

Ground One:  Denial of Motion for a Continuance

By his petition, Moore first argues that the trial court erred by failing to grant his pro se request for a continuance. According to petitioner, because he was indicted on Thursday, August 28, 2002, with a trial date of Tuesday, September 3, 2002, the trial counsel whom he wished to retain and with whom he had been in contact was unavailable to represent him. According to Moore, the denial of a continuance was manifestly unjust because it denied him counsel of his choice and hampered his or his counsel's ability to investigate his case. The State maintains that the denial did not amount to an abuse of discretion, much less a violation of Moore's due process rights. The undersigned agrees that Moore's constitutional rights were not impinged.

While a defendant has a right to retain counsel of his own choosing, this right is not absolute, thus, "[w]hen a defendant has been given a reasonable opportunity to obtain counsel of his choice, the court retains broad discretion in evaluating a request for a continuance." Newton v. Dretke, 371 F.3d 250, 255 (2004) (citing Ungar v. Sarafite, 376 U.S. 575, 590-91, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964)). In an instance such as this, the question is not merely whether the trial court abused its discretion in denying a continuance, but also is the "effect the denial of the continuance had on her right to counsel." Id. "When a denial of a continuance is the basis for a habeas petition, the petitioner must show an abuse of discretion that was so arbitrary and fundamentally unfair as to violate the constitutional principles of due process," and "to prevail, a petition[er] must show that the failure to grant a continuance harmed the defense." Id. (citations omitted).

Here, on the day that the trial commenced and after voir dire had been conducted, Moore, who had been arrested for the offense in March and was represented by two court-appointed attorneys, made a pro se request that the trial be continued so that the counsel of his

choice could represent him. Id. at 131.  The trial court denied the motion because witnesses had been summoned, the jury impaneled and the attorney whom Moore wished to hire was present in the courtroom on another matter and had declined the opportunity to represent Moore, with the aid of the court-appointed attorneys. Id.  The Court of Appeals determined that no manifest injustice resulted from the denial of the continuance, holding as follows:

> The record reflects that Moore was indicted on August 28, 2002, arraigned on August 29th, and the case was set for trial on September 3, 2002.  After voir dire, Moore asked the trial judge for a continuance indicating that he had been trying to hire an attorney from the time of his incarceration on March 22, 2002.  The attorney that Moore had contacted, but not retained to represent him, was present on the day of trial and stated that he had some other cases to present but that he was not there to represent Moore.  The attorney was advised that he could represent Moore and would also receive the assistance of Attorney Robert N. Brooks who, along with Attorney Christopher A. Collins, was appointed to represent Moore on August 29th.  Moore asserts that the time between August 29th, when he was appointed an attorney and the trial date of September 3, 2002, was insufficient to allow his attorney time for proper preparation.
>
> While Moore does have an absolute right to counsel, the right to choose counsel is not absolute.  McCormick v. State, 802 So.2d 157 (Miss. Ct. App. 2001).  It is a right that must not be abused or manipulated in such a way as to "thwart the progress of a trial."  Id.  Moore received two court-appointed attorneys to represent him at trial.  Both attorneys were present and announced that they were ready for trial.  Between the date of arrest and indictment, there existed adequate opportunity for Moore to seek out counsel of his own choosing. While Moore contacted an attorney, there is no suggestion that he attempted to retain the services of an attorney, or ever had the resources to retain an attorney.

Id. at 131-132.

This decision by the Court of Appeals is not contrary to clearly established federal law, as Moore has not established that the failure to grant a continuance harmed his defense.  Although he claims that the failure to grant a continuance hampered his counsel's ability to request discovery and investigate his case and thus, rendered them ineffective, he has not specified what

7

additional fact, circumstances or witnesses counsel would have discovered had the continuance been granted and an investigation commenced. As the State correctly points out, in this regard, Moore has failed to make "particularized allegations or to identify probative evidence in the record tending support his allegations," United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998), and thus, has failed to demonstrate that he is entitled to relief.

### Ground Two: Denial of Motion for JNOV or, in the alternative, for a New Trial

By his second ground, Moore urges that the trial court erroneously denied his motion for judgment notwithstanding the verdict or in the alternative, for a new trial. To the extent that petitioner intends to challenge the weight of the evidence in his case, this is not a ground for habeas relief. Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986). However, as to Moore's challenge to the sufficiency of the evidence, the undersigned has considered the proof presented at Moore's trial to determine if it is constitutionally sufficient to support the guilty verdicts under the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Despite the fact that the Mississippi Court of Appeals utilized state law cases and did not specifically cite the Jackson standard, that court did find the evidence sufficient to support the verdict. In undersigned's opinion, the state court's decision was not an unreasonable application of the Jackson standard.

In Jackson, United States Supreme Court articulated the standard of review to be applied in federal habeas corpus claims that allege that a state court conviction was based on insufficient evidence. The relevant question is, "[w]hether, after viewing the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 324; *see also* United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000), )citing Jackson; West v. Johnson, 92 F.3d 1385, 1393 (5th Cir. 1996)).  Further, "[f]ederal Courts are not forums in which to relitigate state trials." Autry v. Estelle, 464 U.S. 1, 3 (1983).

As he did before the state court, in his petition in this court, Moore contends that the prosecution failed to prove either constructive or actual ownership of the cocaine which he was convicted of possessing.  In analyzing this claim, the state court applied the Jackson standard. Specifically, the Court of Appeals found that

> Moore asserts that the record is devoid of additional evidence which shows that he had either actual or constructive possession of the cocaine.  He cites to Ferrell v. State, 649 So.2d 831, 834 (Miss.1995) , in alleging that the State must be able to point to additional "incriminating evidence" to justify a finding of constructive possession.  Moore claims that because he was neither the owner nor the driver of the vehicle prior to his arrest, the State has not established any additional evidence in support of the charge against him.
>
> Officer Lang testified that (1) he found a bag of white rocky substance laying on top of the gearshift in plain view between Carl Lewis and Moore, (2) after Lewis got out of the vehicle, he saw another bag of what was later identified as marijuana, (3) Moore was a passenger in the vehicle, and (4) when Moore and Lewis arrived at the police station to be booked on the charge of possession of a controlled substance, Moore stated, "Don't charge him with it, it's mine."  Moore's statement would appear to be an admission.  "An admission is an acknowledgment by the accused of certain facts which tend, together with other facts, to establish his guilt." Alexander v. State, 749 So.2d 1031  (Miss. Ct. App. 1999).
>
> The foregoing items provide a sufficient basis upon which a jury could have found Moore guilty of drug possession.

The Mississippi Court of Appeals decision is neither contrary to nor an unreasonable application of Jackson.  Clearly, as the state court recognized, given the fact of the confession and the circumstances surrounding its utterance, both of which were presented to the jury,  it was

9

within the jury's province to draw the inference that by his statement to the police officers, Moore intended to claim ownership of the cocaine and was not merely "being smart" out of the frustration of dealing with the police officers who had arrested him, as his attorney claimed during the suppression hearing.  The undersigned finds that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have Moore guilty beyond a reasonable doubt based on the evidence presented.  As the state court's decision did not unreasonably apply Jackson, the undersigned recommends that habeas relief be denied as to this ground.

### Ground Three:  Denial of Motion to Suppress

Moore next contends that the trial court erred when it refused to exclude his admission of ownership of the cocaine.  According to Moore, under the Mississippi Rules of Evidence, because both cocaine and marijuana were found in Lewis's car, his statement to the officers was not probative of the issue of ownership of the cocaine.[1]  He further claims that as a result of its admission into evidence, his "trail was unfair and [the] jury was inflamed and made impartial in violation of his" Sixth Amendment Right.  For its part, the State urges that this claim is precluded from review as the trial court's evidentiary rulings are solely issues of state law.  The undersigned agrees that the ground does not warrant relief.

Because this point raises a question of law,  this court's review is limited to determining whether the state court's ruling involved an unreasonable application of clearly established Federal law.  The admissibility of evidence is a matter of state law.  Edwards v. Butler, 882 F.2d

---

[1]  Moore has not and does not challenge the voluntariness of his statement.

10

160, 164 (5th Cir. 1989). The Supreme Court has held that federal habeas corpus relief will not be granted for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). "When a federal court reviews state court evidentiary rulings on a petition for habeas corpus, it will grant relief only if the state court error is sufficiently egregious to render the entire trial fundamentally unfair." Edwards v. Butler, 882 F.2d at 164. In other words, federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of federal law or a specific right protected by the United States Constitution. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982). An erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial." Thomas v. Lynaugh, 812 F.2d 225, 230 (5th Cir. 1987).

Here, immediately prior to start of his trial, the trial court held a suppression hearing, wherein Office Lang testified that, having received a Miranda' warning on the scene, once at the station, Moore voluntarily stated that the drugs were his. This testimony was corroborated by the booking officer. The trial court ruled that the statement was made after the proper warnings and was not the result of coercion or intimidation and was thus, admissible. On appeal, Moore challenged the relevancy of the statement, and the Court of Appeals ruled as follows:

> Moore alleges that his statement to Officer Lang should have been excluded as evidence because "it was not probative of the issue raised by the indictment, i.e., possession of cocaine by Jermaine Moore."
> The standard of review for evidentiary matters has been stated by our supreme court as follows:
>> The relevancy and admissibility of evidence are left, in large part, to the discretion of the trial court. However, this discretion must be exercised within the confines of the Mississippi Rules of Evidence. Reversal is proper only where such discretion has been abused and a substantial right of a party has been affected.

>    Boose v. State, 851 So.2d 391 (Miss. Ct. App. 2003).
>
>    Officer Lang's testimony established that cocaine and marijuana were found in the vehicle in which Moore was a passenger. When the booking officer was told to charge Moore and Lewis with drug possession, Moore voluntarily stated, "Don't charge him with it, it's mine." While Moore did not specifically state whether he was referring to one or both substances, he did state a claim of possession.
>
>    Because a reasonable juror could have concluded that the substance belonged to Moore under the circumstances, we find that this issue lacks merit.

Moore, 873 So. 2d at 133. As the state courts' finding of fact on this issue are to be afforded deference under § 2254 and as Moore has likewise failed to show that the courts' legal conclusions regarding admissibility of the statement are in error, he has and cannot establish that his fundamental rights were violated. The undersigned, therefore, recommends that relief be denied as to this ground.

Ground Four:  Ineffective assistance of counsel

Moore charges that his two-court appointed attorneys were ineffective because they failed to request a continuance, to investigate his case and to inform petitioner of his rights with regard to his trial. In response, the State urges that Moore has failed to demonstrate either his counsel was deficient or that any alleged deficiency prejudiced him. The undersigned agrees.

The Court of Appeals considered and rejected on direct appeal Moore's allegations that his trial counsel were constitutionally ineffective. The court, though not specifically citing, but obviously utilizing the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984) (to prevail on claim of ineffective assistance of counsel, petitioner must demonstrate counsel's representation fell below an objective standard of reasonable competence as a result of which he

was prejudiced), found:

> To establish an ineffective assistance of counsel claim, Moore must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swift v. State, 815 So.2d 1230 (Miss. Ct. App. 2001).
>
> Moore claims that the attorneys failed to investigate the case and inform him of his rights at trial.  He asserts that had his attorneys investigated the matter, they would not have been surprised by the testimony of booking officer Tony Quick.  Officer Quick indicated that he heard Moore make the statement to Lang regarding who should be charged with possession of the controlled substance.
>
> Moore asserts that his question to the trial judge regarding the subpoenaed witnesses makes it apparent that he was not advised of his rights.  Moore asked the trial judge whether the witnesses were beneficial to him because he was not aware of any witnesses.  He maintains that this failure by his counsel deprived him of his right to have witnesses called on his behalf.  To prevail upon a claim of ineffective assistance of counsel, Moore must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  <u>Leatherwood v. State</u>, 473 So.2d 964, 968 (Miss. 1985).
>
> Moore claims that even though he was represented by two court-appointed attorneys, these attorneys failed to: (1) request a continuance, (2) investigate the case, or (3) adequately inform him of his rights at trial.
>
> The record reflects that Moore was indicted on August 28, 2002, arraigned on August 29th, and the case was set for trial on September 3, 2002.  A continuance was not requested by the attorneys.  However, on the day of trial, Moore asked the trial judge for a continuance so that he could hire an attorney.  The trial judge denied his request.  Moore's attorneys announced they were ready for trial.  Both attorneys actively participated in the representation of Moore during the trial.  With respect to the overall performance of the attorneys, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy."  <u>Roberts v. State</u>, 820 So.2d 790 (Miss. Ct. App. 2002).
>
> Moore has not indicated what witnesses should have been called on his behalf, what their testimony might have been, or how it might have changed the outcome of the trial.
>
> Moore has failed to present any evidence to support this claim, and we find it to lack merit.

As the Court of Appeal implicitly recognized, Strickland provides "clearly established federal law" regarding claims of ineffective assistance of counsel.   Thus, unless the Mississippi court's decision was an *unreasonable application* of Strickland, no habeas relief may be granted.

Here, regarding counsels' "failure" to seek a continuance, Moore seems to allege that had they done so they would have had more time to investigate his defense and could have called additional witnesses or provided additional evidence and certainly would not have been surprised by the testimony of booking office Tony Quick, who was called by the prosecution in the rebuttal phase of the suppression hearing to corroborate the testimony of Officer Lang, who had testified that Moore had voluntarily stated that the drugs were his.

As the State points out, Moore has again failed to point to any specific exculpatory witness testimony or evidence which would have been found by counsel had they had more time in which to investigate his case.  McCoy v. Cabana, 794 F.2d 177, 183 (5th Cir. 1986); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984)  (Complaints of uncalled witnesses are not favored in a federal habeas corpus court because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative).  While it does appear that counsel were unaware of Officer Quick prior to his being called in rebuttal, counsel successfully elicited testimony from Quick to the effect that, contrary to Officer Lang's testimony presented in the case-in-chief, prior to Moore's confession, Lang had asked, at least, twice and perhaps more, whether the drugs found at the scene were Lewis's or Moore's.  During closing, counsel argued to the jury, that the putative statement of ownership made by Moore was intended to be sarcastic and were uttered in frustration from Moore's having been incessantly harangued by Officer Lang.  The evidentiary basis for this argument would not

have been available to him, but for the "surprise" testimony of Officer Quick.  The Court of Appeals correctly concluded that defendant has shown no prejudice based on counsels' alleged failure to investigate.  Likewise, Moore has not and cannot show any prejudice based on counsels' alleged failure to advise him of his rights at trial, that is, he has not shown that his lack of knowledge as to how his trial would be conducted, affected the outcome of the proceeding.  As the state court's determination is neither contrary to, nor an unreasonable interpretation of Strickland, the undersigned recommends that relief be denied as to this ground.

### Ground Five:  Disproportionate Sentence

By Ground Five, Moore asserts that his fifteen year sentence for possession of cocaine is disproportionate to the crime committed.  The Mississippi Court of Appeals rejected this argument on direct appeal, recognizing that the Mississippi Supreme Court has held that "sentencing is within the complete discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute," and that a trial judge's sentencing decision will not be disturbed if it is within the term prescribed by the statute. Id. at 134 (internal citation and quotation omitted).   The Court of Appeals noted that Miss. Code Ann. § 41-29-139(c)(1)(B), the statute under which Moore was indicted, provided for a term of imprisonment of not less than two years and not more than eight, and that the sentence given under it was subject to doubling, pursuant to Miss. Code Ann. § 41-29-147, because Moore was a second time drug offender. Id.   Finding that the fifteen-year sentence was within the statutory range, the Court of Appeals concluded that the trial judge had not abused his discretion and affirmed the decision. Id.

Although by his submission to this court, Moore fails to urge a federal basis for relief, claiming instead that the sentence imposed violates state law, the court recognizes that in "exceedingly rare" and "extraordinary" cases, habeas relief may be granted on a claim that a state sentence imposed violates the Eight Amendment. Lockyer v. Andrade, 123 S. Ct. 1166 (2003). In Lockyear, the Court observed that, although there is no "clear or consistent path for courts to follow " in determining whether a sentence violates the Eighth Amendment, throughout the Eighth Amendment jurisprudence emerging from the Court, "one governing legal principle emerges as 'clearly established' under § 2254(1):  A gross disproportionality principle is applicable to sentences for terms of years." Id. at 1173.

The court's review of the facts of this case demonstrates that the sentence imposed in this case does not fall into the "exceedingly rare" or "extreme" cases discussed in Lockyer.  Moore was sentenced to serve 15 years, which does not exceed the statutory maximum of sixteen years. Further, in sentencing Moore, the trial court considered the evidence presented at trial and Moore's criminal history, which showed that Moore had three prior convictions involving cocaine. This court cannot conclude that Moore's sentence is "grossly disproportionate." The Court of Appeals' decision upholding that trial court's sentence does not amount to an unreasonable application of law to the facts of this case, and accordingly, habeas relief is not warranted on this ground.

Ground Six:  Cumulative Error

Lastly, Moore argues that because "Mississippi has recognized that a combination of errors, together as one may require reversal, when even each issue alone is moot," he is entitled

to habeas relief from this court.  This is clearly not the case.  "Federal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors so infected the entire trial that the resulting conviction violates due process."  Derden v. McNeel, 978 F.2d 1453, 1454 (5th Cir. 1992) (en banc) (internal quotations and citations omitted).

Moore may not just complain of unfavorable rulings or events in the effort to cumulate errors.  Id. at 1458.  Here, Moore's above allegations of error never rose to the federal constitutional dimension necessary to warrant a cumulative error analysis; the alleged errors are without merit.  As such, Moore "has presented nothing to cumulate," id., and habeas relief cannot be granted.

## V. CONCLUSION

For the reasons discussed above, the undersigned recommends that the petition should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 14th day of August , 2008.

    /s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE